**Lawrence D. Mandel (LM9205)**
**Arthur M. Peslak (AP5213)**
**Mandel & Peslak, LLC**
**80 Scenic Drive, Suite 5**
**Freehold, New Jersey  07728**
**Attorneys for Plaintiff**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEEP FOODS, INC., | |
| Plaintiff, | |
| | CIVIL ACTION NO._____ |
| v. | |
| | **COMPLAINT AND JURY DEMAND** |
| AMEYA PREMAL USA INC., PREMAL P. PAREKH and RESHMA P. PAREKH, | |
| Defendants. | |

DEEP FOODS, INC., by its attorneys, Mandel & Peslak, LLC, for its complaint against AMEYA PREMAL USA INC., PREMAL P. PAREKH and RESHMA P. PAREKH, hereby alleges as follows:

1. Plaintiff, DEEP FOODS, INC. ("Deep") is a New Jersey corporation having a business address at 1090 Springfield Road, Union, New Jersey  07083.

2. Upon information and belief, Defendant AMEYA PREMAL USA INC. ("Ameya") is a New Jersey corporation with a registered agent address at 1910 North Birchwood Park Drive, Cherry Hill, New Jersey  08003 and a place of business at 1900 Green Tree Road, Springdale Plaza, Cherry Hill, New Jersey  08003.

3. Upon information and belief, Defendant PREMAL P. PAREKH ("Premal") is an individual residing at 1910 North Birchwood Park Drive, Cherry Hill, New Jersey 08003 and having a place of business at 1900 Green Tree Road, Springdale Plaza, Cherry Hill, New Jersey 08003 and is a principal and Vice President of Defendant Ameya.

4. Upon information and belief, Defendant Reshma P. Parekh ("Reshma") is an individual residing at 1910 North Birchwood Park Drive, Cherry Hill, New Jersey 08003 and having a place of business at 1900 Green Tree Road, Springdale Plaza, Cherry Hill, New Jersey 08003 and is the registered agent and a principal and officer of Defendant Ameya.

**JURISICTION AND VENUE**

5. This is a Civil Action arising under the Federal Trademark Act of 1947, as amended, 15 U.S.C. § 1051, *et. seq.*, the common law of the State of New Jersey, the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1, *et. seq.*, and the New Jersey Trademark Act, N.J.S.A. § 56:3-13.1a, *et. seq.*  This Court has subject matter jurisdiction under the provisions of 15 U.S.C. § 1121, 28, U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendant is located and is transacting and doing business within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiff is one of the leading manufacturers of Indian foods in the United States and has been selling its prepared foods to customers throughout the United States for over 27 years.

7. Plaintiff has used the mark MIRCH MASALA since at least as early as July 5, 1997 to distinguish its goods, namely potato chips, plantain chips, processed beans and garbanzo

beans, peas, lentils and since at least as early as January 4, 1999 in connection with prepared foods, namely frozen entrees consisting primarily of vegetables and frozen entrees consisting primarily of rice and/or pasta.

8. Through its extensive sales and advertising, Plaintiff has developed extensive good will throughout the United States with respect to the mark MIRCH MASALA.

9. Plaintiff is the owner of U.S. Trademark Registration No. 2,153,991 and U.S. Trademark Application Serial No. 78/641,053.

10. Plaintiff's U.S. Trademark Registration for MIRCH MASALA is valid and subsisting, and incontestable.

11. Defendants own and operate a retail food store featuring Indian foods under the name MIRCH MASALA.

12. Defendants' use of MIRCH MASALA is done with full knowledge of Plaintiff's trademark rights.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

13. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 hereof with the same force and affect as if set forth herein at length.

14. The conduct of Defendants as alleged herein constitutes infringement of Plaintiff's registered trademark.

15. Defendants' unauthorized activities and infringement are likely to cause confusion or to cause mistake or to deceive the consuming public as to the true source of the goods sold and/or services offered by Defendants.

16.     Defendants have full knowledge of Plaintiff's exclusive and long established proprietary rights in and to the trademark but continue to proceed in complete disregard thereof.

17.     The activities and conduct of Defendants as alleged herein have damaged Plaintiff and will, unless restrained, further impair the value of Plaintiff's trademark and the valuable good will which has been built up in the trademark, and Plaintiff has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN

18.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 17 hereof with the same force and affect as if set forth herein at length.

19.     Defendants' unauthorized use of the MIRCH MASALA Trademark tends to falsely represent that Defendants are connected with or that Defendants' activities are authorized by Plaintiff and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff. Any failure of Defendants to maintain acceptable standards of quality and service will reflect adversely on Plaintiff and cause irreparable harm to Plaintiff.

20.     Plaintiff has no control over the quality of the goods sold or services provided by Defendants, and because of the confusion as to the source engendered by Defendants, Plaintiff's valuable good will in respect of its trademark is at the mercy of Defendants.

21.     Said actions of Defendants constitute a violation of 15 U.S.C. § 1125(a) in that such false designations and representations of origin and quality have been and continue to be used on or in connection with goods sold and/or services that Defendants have provided or which affect commerce.

22. Defendants' false designation of origin and quality have caused substantial and irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### COUNT III
### DILUTION

23. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 22 hereof with the same force and affect as if set forth herein at length.

24. Defendants actions constitute a violation of 15 U.S.C. § 1125(c) in that such use of Plaintiff's mark has caused and will continue to cause dilution of the distinctive quality of Plaintiff's mark.

### COUNT IV
### COMMON LAW UNFAIR COMPETITION

25. This count arises under the New Jersey common law of Unfair Competition. Jurisdiction is supplemental to Count I pursuant to U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391.

26. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 25 hereof with the same force and affect as if set forth herein at length.

27. By Defendants' unauthorized use of the MIRCH MASALA trademark, Defendants are guilty of unfair competition in violation of the New Jersey Common Law of Unfair Competition and are likely to cause confusion, mistake or to deceive the public.

28. Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

## COUNT V
## NEW JERSEY STATUTORY UNFAIR COMPETITION

29. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28 hereof with the same force and affect as if set forth herein at length.

30. Defendants' unauthorized use of the MIRCH MASALA trademark in connection with its services constitutes appropriation of Plaintiff's trademark, reputation and good will in direct violation of the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1.

31. The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiff. Plaintiff has no adequate remedy at law.

## COUNT VI
## NEW JERSEY TRADEMARK ACT

32. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 31 hereof with the same force and affect as if set forth herein at length.

33. Defendants' unauthorized use of the MIRCH MASALA trademark in connection with its services constitutes appropriation of Plaintiff's trademark, in direct violation of the New Jersey Trademark Act, N.J.S.A. § 56:3-13.16.

34. The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiff. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment that:

(a) Defendants have, by their unauthorized use of Plaintiff's trademark, infringed the trademark, used and applied false designations of origin, diluted the distinctive quality of

Plaintiff's trademark, competed unfairly with Plaintiff and have injured Plaintiff's good will and business reputation, in violation of Federal and State Law and have done so willfully all to the detriment of Plaintiff.

    (b)    Defendants, their agents, servants, employees, successors and assigns and all persons in active concert, privity, or participation with Defendants, be preliminarily and permanently enjoined from infringing upon the Federally registered trademark of Plaintiff, from using any false designation or false description or representation, from engaging in any act or series of acts which either alone or in combination constitutes deceptive or unfair methods of competition by Defendants with Plaintiff and from otherwise interfering with or injuring the business reputation of Plaintiff, or diluting the distinctive quality of the Plaintiff's trademark or the good will associated therewith.

    (c)    Defendants be required to account for and pay over to Plaintiff, Defendants' profits and any damages suffered by Plaintiff as a result of Defendants' acts of trademark infringement, false designation of origin, false advertising and unfair competition, together with interest and costs.

    (d)    Defendants be required to pay to Plaintiff an amount three times the profits of Defendants or damages of Plaintiff.

    (e)    Defendants be required to pay an award of statutory damages to Plaintiff.

    (f)    Defendants be required to cease all use of the mark MIRCH MASALA.

    (g)    Defendants be ordered to surrender for destruction all signs, labels, advertisements and other materials constituting infringement of Plaintiff's trademark.

(h)     Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees, costs and disbursements.

(i)     Plaintiff be awarded such other and further relief as this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable in this matter.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, it is stated that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding to the best of our knowledge or belief.  Also, to the best of our knowledge or belief, no other action, administrative proceeding or arbitration is contemplated.

                                                  MANDEL & PESLAK. LLC

Dated:  July 27, 2005                              By:     /s/ Lawrence D. Mandel
                                                            Lawrence D. Mandel (LM9205)
                                                              80 Scenic Drive, Suite 5
                                                              Freehold, New Jersey  07728
                                                              (732) 761-1610
                                                              Attorneys for Plaintiff

Of Counsel:

David A. Jackson
Klauber & Jackson
411 Hackensack Avenue
Hackensack, New Jersey  07601
(201) 487-5800